Pearson, J.
 

 The defendant’s Counsel did not insist, in this Court, upon the first two exceptions. It is, therefore, only necessary to state, that, in February, 1848, the parties executed an instrument in writing, duly attested; the legal effect of which was to transfer from the plaintiff to the defendant a negro woman for the price of $300, of which one hundred was paid at the time, and the remaining $200 was to be paid by the defendant on the 25th day of December, 1848; and the plaintiff had the privilege of repaying the $100 and taking back the negro at any time before the said 25th of December. This instrument was put into the hands of a third person to be kept for the parties; and the negro was delivered to the defendant. This action is for the $200.
 

 The defendant offered evidence tending to prove, that the negro was unsound, and that the plaintiff knew it at the time of the sale; and that, in consequence of her unsoundness, the negro was “
 
 almost
 
 worthless.” He also proved, that some two months after he discovered the unsoundness, he offered to return the negro, and insisted upon rescinding the contract.
 

 The defendant’s Counsel moved the Court to charge, that, if the plaintiff had practised a fraud upon him, he had a right to rescind the contract and return the negro ; and his offer to do so discharged him from all liability. Second : That, if there was a partial failure of the consideration, and the plaintiff had practised a fraud, the defendant was entitled to a deduction from the price agreed on.
 

 
 *301
 
 The Court refused to give the instructions prayed for; and charged, that, if the jury were satisfied that the negro was unsound, and plaintiff knew it at the time of the contract, and that, in consequence of her unsoundness, the negro was worth nothing, they should find for the defendant. But, if she was worth any thing, then, they should find for the plaintiff; and the measure of damage would be the $200 and interest from the 25th of December, 1848. Motion for a new trial refused, judgment for the plaintiff, and the defendant appealed.
 

 When the property is delivered under a contract of sale, neither party can rescind it, without the consent of the other. If the purchaser desires this privilege, he must stipulate for it expressly, as a part of the contract; otherwise, the remedy given by the common law is an action for damages upon the warranty, or for deceit. There is no implied condition, that he may return the property, if it turns out to be unsound. How would this doctrine operate ? If the money is actually paid, the property may be tendered and the contract rescinded. But, if it is secured by bond, this implied right does not exist. So, one, who goes so far as to pay the price, may rescind the contract; but one, who merely secures its payment, had no such right. This is absurd. Such an idea was advanced as far back as the time of Lord Mansfield. It was then rebuked, and has never since been revived, except to a very limited extent;
 
 Power
 
 v
 
 Wells,
 
 Cowper 818. There, the plaintiff had exchanged a mare for the defendant’s horse, and given 20£s as boot. The horse being unsound, the plaintiff tendered him to the defendant and demanded the mare and money, which was refused; and he brought trover tor the mare, and an action for money had and received for the 20£s, treating the contract as rescinded. The Court held both actions were misconceived. Th¿ remedy was by an action for the deceit; and the plaintiff was non suited.
 

 
 *302
 
 The passage cited from 2 Kent’s Com. 376, to show that this doctrine has been revived, is not expressed with sufficient. clearness to confine the idea, as revived, within its very narrow limits.
 
 The cases
 
 go only this far. If .one,
 
 not having seen them, orders
 
 goods of a certain description at a certain price, and the goods sent do not answer the description, he may return them, or offer to return them, within a reasonable time, and rescind the contract, or if he uses them, he may mitigate the damage in an action for the price; because, the vendor cannot maintain an action on the special contract, as the goods do not answer the description, and must declare upon a “
 
 quantum valebant
 
 and then, the price agreed to be given, will be- the standard by which to measure the damage, according to this rule: if goods answering the description be worth the price agreed on,
 
 how much less
 
 are those goods worth?
 
 Farmer
 
 v
 
 Francis,
 
 decided at this Term.
 

 The defendant has no right to complain of the first part of the charge.
 

 We concur in the latter part. ' The fact, that the negro was unsound, and her value to some
 
 extent
 
 impaired,
 
 ought
 
 not to have been allowed to reduce-the damage. If a deceit was practised, the defendant has his remedy, it would be inconvenient and the plaintiff’s case would be made;too complicated, if the jury, while trying his case, were required to go into the trial of an action of deceit at the instance of the defendant; which action the plaintiff is.not presumed to have come prepared to defend. Besides, .suppose the damages are reduced in the manner here attempted,and the defendant should afterwards bring his action of .deceit; how is the plaintill to avail himself of that.fact?
 
 Washburn
 
 v.
 
 Picot,
 
 3 Dev. 390,
 
 Caldwell
 
 v. Smith, 4 Dev. and Bat.
 
 64.
 

 ■It may be.proper to add, the same reasoning,-which ¡supports the conclusion, that the defendant-was not_at liberty to reduce the damage by proving the negro to be unsound
 
 *303
 
 to a limited extent, will also support the conclusion, that the defendant could not defeat the action by proving the negro" to be so unsound as to be worth nothing — the only differ* ence being in the degree of the unsoundness.
 

 In fact the charge is inconsistent. It amounts to this— if the negro was so unsound as to be of no value, the plaintiff is not entitled to recover. But, if she was worth any thing — five cents for instance — the plaintiff is entitled to recover #200 and interest: whereas, upon the principle assumed, the recovery should have been only
 
 Jive cents.
 

 Although there are some loose expressions to the contrary, the true principle is this — when the property, bargained for,"is delivered, an action for the
 
 price agreed on
 
 cannot be defeated, except in cases where, if the money had been paid, it might be recovered back in an action for “ money had and received.” There must be "a total failure of consideration, and not a mere right to recover damages, although the damage may amount to the whole price. For instance, if the property is retained by mutual consent, or if it is never delivered, or if a counterfeit bill be received, an action for the price, agreed to be paid, may be defeated; otherwise, if the property is delivered, although it turns out tobetmsound and of no value; or if the bill be genuine, although upon an insolvent bank. In these cases, the reception of the property, or of the bank bill, is a consideration to support the promise to pay the price agreed on; and the defendant must resort to the warranty, if he had the prudence to require one, or to his action for the deceit, if one was practised.
 

 It is suggested, that to allow the action to be defeated by showing that the property was so unsound, as to ■ be of no value, would prevent a multiplicity of suits. The same suggestion may be made in favor of allowing the damage to be reduced, by showing unsoundness to a limited extent. But neither can be allowed, without a violation of principle, ■for the reasons above stated.
 

 
 *304
 
 It wóuld have been a saving of time in the case under consideration, had all the evidence, in reference to the unsoundness of the negro, been rejected as irrelevant.
 

 •Per Curiam. Judgment'affirmed,