PEOPLE, PLAINTIFF AND APPELLEE, *v.* MILLÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Excise-Tax Law.

No. 2299.—Decided January 21, 1925.

APPEAL—EVIDENCE—BRIEF—JUDGE MAY QUESTION WITNESS. — The trial judge controls the evidence and in his discretion may question a witness during the trial in order to make any of his statements clear or to bring out the truth concerning the acts charged, especially when the defendant has elected to be tried without a jury. When a defendant considers the judge's questions improper he should specify those which were prejudicial and not leave it to the appellate court to search the record for them.

ID.—ID.—UNREGISTERED STILL—BURDEN OF PROOF.—When it is shown that the still was found in the possession of the defendant the burden is on him to prove that it was registered in the Treasury of Porto Rico. The government is not bound to prove that it was not registered.

ID.—ID.—ID.—A witness need not be an expert in order to testify whether the apparatus seized in possession of the defendant was a still.

ID.—ID.—ID.—In a case of violation of section 61 of the Excise-Tax Law of June 15, 1919, it is not necessary to allege or prove that the still seized was capable of distilling alcohol for medicinal, sacramental or scientific purposes.

The facts are stated in the opinion.

*Messrs. A. Aponte, C. Travecier* and *F. Gallardo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The defendant was sentenced to one month in jail for having violated section 61, Title V, of the Excise-Tax Law of June 15, 1919.

He appealed from the judgment and in his brief assigns the following errors:

"1.—The court erred in questioning witness Antonio Marrero, as the judge should try the case and not act as party to the controversy.

"2.—The court erred in admitting the following documentary evidence: 'The undersigned Treasurer of Porto Rico hereby certifies: That the records of this Department do not show that Juan Millán of Ceiba had registered in the office of the Treasurer of Porto Rico any still or distilling apparatus in accordance with section 61 of Act No. 55 of June 15, 1919.—Therefore, I issue this certificate in the city of San Juan on the 20th day of April, 1923.— (Signed) Ramón Aboy, Jr., Treasurer of Porto Rico. 2. Official matter.'

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"3.—The court erred in admitting the testimony of Miguel Ramírez Méndez.

"4.—The court erred in overruling the motion to strike out the testimony of witness Ramírez.

"5.—The court erred in admitting in evidence the still offered by The People of Porto Rico.

"6.—The court erred in weighing the evidence."

The appellant argued the first assignment without specifying the questions put by the trial judge to Antonio Marrero from which is inferred the prejudice imputed to the judge in the conduct of the trial. It was the duty of the appellant to specify the questions which he considered prejudicial and not leave to this court the task of searching the record in order to discover the proposition attempted to be shown generally. It is well to say, however, that the trial

judge controls the evidence and in his discretion may question a witness during the trial in order to make any of his statements clear or to bring out the truth concerning the acts charged, especially when the defendant has elected to be tried without a jury.

The appellant alleges that the court erred in admitting in evidence a negative certificate of the Treasurer of Porto Rico to the effect that the still seized was not registered in the office of the Treasurer and a letter written by the Attorney General to the Municipal Judge of Fajardo and indorsed by the Treasurer advising him that the prosecution should be proceeded with. This question was decided in the case of *People* v. *Hernández,* 30 P.R.R. 343, holding that the Government could have dispensed with the certificate, inasmuch as when it was shown that the still was seized in the possession of the defendant the burden was on him to prove as a matter of defense that it was registered in the office of the Treasurer of Porto Rico. The court cited *Shaw* v. *Morrison,* 14 N. C. 299; Black on Intoxicating Liquors, 507; 4 Lewis, Great American Lawyers, 292, and 23 Cyc. 247.

The third and fourth assignments refer to the admission by the court of the testimony of Miguel Ramírez Méndez as an expert to the effect that the apparatus seized was a still. That is another question already decided by the Supreme Court. In *People* v. *Rivera,* 32 P.R.R. 69, wherein the opinion was delivered by Mr. Justice Wolf, the following was said:

"The first two assignments of error relate to the admission of evidence in that during a prosecution for having an unrecorded still two policemen were allowed to testify as to the existence of the still. The appellant also objected on the ground that the policemen were not experts. The policemen testified to what they saw and it appeared to be a still. Until we are convinced to the contrary we feel bound to hold that a witness need not be an expert to testify to the existence of a still. *People* v. *Negrón,* 29 P.R.R. 50, a case where the still was produced in court."

In connection with the fifth assignment it is alleged that the trial court erred in admitting the still in evidence, as it did not appear from the complaint that the apparatus was capable of distilling alcohol of forty degrees. The act charged was committed on February 17, 1923, prior to the passage of Act No. 68 of July 28, 1923; therefore, the statute applicable is the Act of June 15, 1919, section 61 of which reads as follows:

: "Section 61.—That every person having in his possession or custody or under his control, whether as owner, lessee, custodian or otherwise, any still or distilling apparatus, mounted or dismounted, shall register the same in the office of the Treasurer of Porto Rico, by subscribing and filing with said Treasurer a written statement showing the particular place where such still or distilling apparatus is located or stored, the kind of still and its cubic contents, the name of the owner thereof, his residence; and the purposes for which said still or distilling apparatus has been used, is being used, or is intended to be used, and upon demand of any duly authorized revenue officer, he shall provide free and unrestricted access to said apparatus for purposes of inspection. Said stills and distilling apparatuses shall be kept in places not used as private dwellings. And every person who fails to register any still or distilling apparatus in his possession or custody or under his control, or who prevents or obstructs the free inspection thereof by any internal-revenue agent, shall be guilty of misdemeanor. And every unregistered still or distilling apparatus shall be seized by the Treasurer of Porto Rico or by his agents, and by him confiscated and sold for the benefit of The People of Porto Rico."

The offense consists in the possession or custody as owner, lessee, guardian or in any other manner of "any still or distilling apparatus" which is not registered in the office of the Treasurer of Porto Rico or the inspection of which is hindered or obstructed. Its capability of distilling alcohol of forty degrees is not a part of the definition; therefore, this is not an affirmative requisite of the complaint or a fact that must be proved at the trial. It is possible that the appellant has followed in his argument the doctrine laid down in *People* v. *Valentín, ante,* page 39,

wherein we construed said section as amended by the Act of July 28, 1923, which refers to stills capable of distilling alcohol for medicinal, sacramental or scientific purposes and held that this is an essential requisite that must be proved. But, as we have said, the acts in this case were committed before the amendment was passed and, therefore, the latter act is not applicable.

The last assignment of error refers to the weighing of the evidence by the trial judge. The evidence was contradictory and the conflict was adjusted adversely to the defendant. The record shows no manifest error nor passion, prejudice or partiality in weighing it.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.